IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-352-S-BLW |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF IDAHO, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court is the review of Plaintiff's Amended Prisoner Civil Rights Complaint (Complaint), filed June 23, 2005, to determine whether it is subject to summary dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff has also submitted a Motion for Judicial Notice (Docket No. 13).

Having carefully reviewed the record, the Court has determined that Plaintiff's Complaint adequately states claims for relief under Title II of the Americans with Disabilities Act and the Eighth Amendment. Plaintiff's request for *in forma pauperis* filing status will also be granted at this time.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction. He is currently incarcerated at the Idaho State Correctional Institution (ISCI).

**ORDER  1**

Plaintiff has a history of mental illness, and has received treatment for bipolar mood disorder and depression while incarcerated at ISCI. He has filed over fifteen lawsuits in federal court during his incarceration at ISCI.

Plaintiff was previously informed of the deficiencies in his Complaint and given leave to file an Amended Complaint. The Amended Complaint adequately links the following Defendants to alleged civil rights and disability discrimination claims: (1) the Idaho Department of Correction (IDOC); (2) Correctional Medical Services (CMS); (3) Prison Health Services (PHS); (4) Warden Blades; and (5) various Doe Defendants, alleged to be individuals working for the IDOC and the private medical contractors.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**ORDER  2**

**First Amendment Claim**

Plaintiff alleges a First Amendment violation for "mail confiscation, [and] seizure." Later in the Amended Complaint, he also generally alleges that his mail was confiscated.

Plaintiff, as a prison inmate, retains the First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). In *Witherow v. Paff*, 52 F.3d 264 (9th Cir. 1995), the Ninth Circuit explained the limitations on prison officials' interference with outgoing mail:

> "[A] prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.' *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261, 96 L. Ed.2d 64 (1987). Legitimate penological interests include 'security, order, and rehabilitation.' *Procunier v. Martinez,* 416 U.S. 396, 413, 94 S. Ct. 1800, 1811, 40 L. Ed.2d 224 (1974). When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a "closer fit between the regulation and the purpose it serves." *Abbott,* 490 U.S. at 412, 109 S. Ct. at 1881. However, in neither case must the regulation satisfy a "least restrictive means" test. *Id.* at 411-13, 109 S. Ct. at 1880-81 (explaining *Procunier v. Martinez* ).

*Id*. at 265. If a prisoner's outgoing legal mail is deliberately destroyed, it is an obvious violation of the First Amendment "freedom to communicate with the outside world." *See Lewis v. Casey*, 518 U.S. 343, 405 (1996).

Plaintiff's Amended Complaint provides only vague and conclusory allegations relating to the alleged confiscation of his mail, and he fails to allege the

**ORDER  3**

approximate dates upon which these events occurred.  Additionally, Plaintiff fails to allege which Defendants allegedly confiscated or seized his mail.  It is insufficient to generally allege the mail confiscation without linking it to a specific Defendant or to a  policy initiated by one of the IDOC officials.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)(liability under § 1983 arises only when a defendant personally participated in the constitutional violations or when a supervisor knew of the violations of his subordinates and failed to act to prevent them).

Accordingly, the claim is subject to dismissal without prejudice.  In the event Plaintiff discovers the names of the individuals during the course of the lawsuit who allegedly confiscated his mail, he may request leave to proceed with this claim at a later date.

**Eighth Amendment Risk of Harm Claims**

Plaintiff also alleges violation of his Eighth Amendment rights based on Defendants' decision to place him in a double-celled, general population unit.  He claims that Defendants were aware that he is psychologically and physically disabled, and that they knowingly subjected him to a dangerous condition.  He specifically alleges that he was the victim of an assault and battery by his cellmate, and that he sustained a physical injury.  He alleges that IDOC officials failed to

**ORDER  4**

properly classify inmates, failed to provide proper training for correctional officers regarding mentally ill inmates, and failed to provide an adequate number of correctional officers to protect inmates from attacks.

To state a claim under the Eighth Amendment, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff must also show that Defendants were deliberately indifferent to the substantial risk of serious harm. Deliberate indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.,* 511 U.S. at 837.

Plaintiff may proceed with this claim against Warden Blades, but he has failed to provide the names of other individuals who are allegedly linked to the Eighth Amendment claim. It is not sufficient to name "Doe" correctional officers. Accordingly, Plaintiff may request leave to amend the Complaint in the event he obtains the names of other IDOC employees who allegedly participated in this Eighth Amendment violation.

Plaintiff also claims that jail officials denied him adequate clothing. For example, he claims that he had to tie his pants with a plastic strip from a garbage

**ORDER  5**

bag. Plaintiff's claim that he was denied adequate clothing during a short period of time does not arise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (the Constitution does not mandate comfortable prisons). Accordingly, Plaintiff will not be allowed to proceed with this claim.

**Eighth Amendment Medical, Dental, and Dietary Claims**

Plaintiff alleges that he has Hepatitis C, a condition for which he is being refused treatment. He claims that a physician assistant indicated that he needed to be referred to an outside specialist for an evaluation of his condition, but the nurse who oversees chronic care patients failed to order the referral.

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the

**ORDER  6**

prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Judges view Eighth Amendment claims with due regard for "concepts of dignity, civilized standards, humanity and decency." *Id.*, 429 U.S. at 102.

Hepatitis C is recognized as a serious medical condition due to the potential for chronic liver disease, cirrhosis, and liver cancer. *Johnson v. Wright*, 234 F. Supp. 2d 352, 360 (S.D.N.Y. 2002); *Carbonell v. Goord*, 2000 WL 760751, *9 (S.D.N.Y. 2000).

Plaintiff will be allowed to proceed on the Eighth Amendment claim arising out of the alleged failure to provide treatment for hepatitis C against Defendants CMS and PHS. Plaintiff must show that these entities were deliberately indifferent to his serious medical condition. In order to proceed with this claim against individual employees of the private medical providers, Plaintiff must request leave to amend the Complaint and provide their names.

Another component of Plaintiff's medical claim involves the alleged failure to provide psychological care for his mental illness. He alleges that Defendants failed to provide the appropriate medication and psychological treatment. Plaintiff will be allowed to proceed with this claim against Defendants CMS and PHS.

**ORDER  7**

Plaintiff also generally alleges that Defendants have failed to provide adequate meals for the medically infirm, failed to provide alternatives for those with a fish allergy, failed to provide snacks, and provided cold food.  "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456  (9th Cir. 1993).

Plaintiff fails to describe the manner in which his diet is inadequate, other than a failure to provide an alternative to fish.  Plaintiff's Complaint also fails to describe the harm that resulted from the inadequate diet, and does not link specific Defendants to the dietary deprivations.  Accordingly, Plaintiff will not be allowed to proceed with the inadequate diet claim at this time.

Finally, Plaintiff alleges that the dentist who provides dental care for the IDOC inmates pulled his tooth, rather than repair the decay with a filling.  He generally alleges that he receives inadequate dental care because the dentist refuses to treat inmates who do not agree to have their teeth pulled.  He claims that he has suffered harm as a result of this policy.

Plaintiff may proceed with this claim against Warden Blades to the extent he can show the dental procedure being used is an IDOC policy.  He may request leave to amend the Complaint in the event he obtains the name of the IDOC

**ORDER  8**

dentist.

### Retaliation Claim

Plaintiff alleges that he was retaliated against due to his physical and mental disabilities. He further alleges that the retaliation resulted in punitive segregation. A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). A "chilling effect on First Amendment rights" is enough to state an injury. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001).

It does not appear that Plaintiff's allegations state a colorable retaliation claim under the First Amendment. Therefore, he will not be allowed to proceed on this claim. He may use the alleged incidents of retaliation based on his disabilities as evidence of discrimination in support of his ADA claim.

### ADA Claim

Plaintiff also claims that Defendants violated the Americans with Disabilities Act (ADA) Title II, 42 U.S.C. § 12131-34. The ADA extends to prison inmates who are deprived of the benefits of participation in prison

**ORDER  9**

programs, services, or activities because of a physical disability. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952 (1998). Title II of the ADA applies to a "qualified individual with a disability who with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). A "disability" must fit one of three definitions under 42 U.S.C. § 12102(2) to be actionable under the ADA: there must be "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; [or] (B) a record of such an impairment; or (C) being regarded as having such an impairment." Plaintiff appears to be asserting his claims under 42 U.S.C. § 12102(2)(A).

Governmental entities are required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7).

Plaintiff's Complaint alleges that the IDOC has failed to modify toilets, showers, and the height of microwave ovens. He further alleges that the IDOC has failed to provide legal assistance for mentally ill inmates. Plaintiff will be allowed to proceed against the IDOC on these disability discrimination allegations.

Plaintiff also claims that Defendants have failed to provide treatment and

**ORDER  10**

assistance for his physical and mental disabilities. He will be allowed to proceed against Defendants CMS and PHS on these claims.

## II.

## PENDING MOTIONS

Plaintiff also filed a motion requesting that the Court take judicial notice of his numerous attempts to file lawsuits in the District of Idaho. Federal Rule of Evidence 201 provides that a Court may take judicial notice of an adjudicative fact which is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of documents filed in other litigation to establish the fact of such litigation and related filings, rather than to establish the truth of those proceedings. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Although Plaintiff does not link the request for judicial notice to any of his claims, the Court will grant the request. The Court is aware of Plaintiff's numerous attempts to exercise his First Amendment rights to access the court system.

**ORDER  11**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days.  If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B). Accordingly, the Clerk of Court shall forward a copy of the Amended Complaint, and a copy of this Order, and a Waiver of Service of Summons to Timothy McNeese, Deputy Attorney General, Idaho Department of Correction, 1299 North Orchard, Ste. 110, P.O. Box 83720, Boise, Idaho 83720-0018, on behalf of Defendants IDOC and Warden Blades.  The same set of documents shall also be sent to John J. Burke, HALL, FARLEY, OBERRECHT & BLANTON, P.A., 702 West Idaho, Suite 700, P.O. Box 1271, Boise, ID 83701, on behalf of Defendant CMS.  The same set of documents shall also be sent to Prison Health Services, Attn: Rick Dull, 1111 South Orchard Street, #242, Boise, ID 83705, on behalf of Defendant PHS.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Judicial Notice (Docket No. 13) is GRANTED.

**ORDER  12**

DATED: **September 8, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER 13**