IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STEPHEN FLOYD ULLRICH, Plaintiff,

vs.

STATE OF IDAHO, et al., Defendants.

Case No. CV-04-352-S-BLW

**ORDER**

Pending before the Court are the following motions: (1) IDOC Defendants' Motion to Dismiss Based Upon Failure to Exhaust Administrative Remedies (Docket No. 76) and (2) PHS Defendants' Motion to Dismiss (Docket No. 70). Plaintiff also filed numerous motions relating to discovery, medical care, and requests for sanctions against Defendants.

Having carefully reviewed the record, the Court has determined that Plaintiff's claims are subject to dismissal for failure to exhaust the prison grievance system. Accordingly, the Court will direct the IDOC Defendants to provide a correctional officer or prison paralegal to assist Plaintiff in completing the grievance process on his claims involving the IDOC. The PHS and CMS

Defendants will be directed to provide an employee to assist Plaintiff in completing the grievance process on all medical and dental claims.

**BACKGROUND**

Plaintiff is an inmate in the custody of the Idaho Department of Correction. He is currently incarcerated at the Idaho State Correctional Institution (ISCI). Plaintiff has a history of mental illness, and has received treatment for bipolar mood disorder and depression while incarcerated at ISCI.

Plaintiff was previously informed of the deficiencies in his Complaint and given leave to file an Amended Complaint. After reviewing the Amended Complaint, Plaintiff was allowed to pursue alleged civil rights and disability discrimination claims against (1) the Idaho Department of Correction (IDOC); (2) Correctional Medical Services (CMS); (3) Prison Health Services (PHS); and (4) Warden Blades. The Amended Complaint generally alleges that Plaintiff "filed Grievances/concerns/ . . . Tort (state)." Amended Complaint, p. 9. Plaintiff also alleges that exhaustion is not required for ADA and Rehabilitations Act claims, and those claims involving imminent danger.

Both the IDOC and PHS Defendants challenge Plaintiff's assertion that he filed grievances on the claims set forth in the Amended Complaint. Defendants provide a list of grievances that were recorded in the prison grievance system, and

they involve complaints about the use of televisions, legal mail, chronic care medications, classifications points, indigent paper supply, and inadequate snacks. *Affidavit of Mary Lott*, Docket No. 70-3, p. 4-5 (listing grievances logged with the grievance coordinator's office).

Plaintiff filed a Statement on Exhaustion and Dismissal in which he claims that Defendants denied him copies of the grievance forms he has submitted. He also states that he has shown some evidence of exhaustion. Docket No. 89, p. 1. Plaintiff's Statement does not describe his attempts to use the grievance system for the claims set forth in this lawsuit, nor does he allege that he was prevented from using the prison grievance system.

Plaintiff's response to the Motion to Dismiss also argues that there is no basis for Defendants' request for a dismissal of Plaintiff's claims with prejudice. He also claims that the ADA requires a specially designed grievance system, rather than the system used by the IDOC. Finally, Plaintiff attached an excerpt from a law review article about force-medicating inmates, but it is not clear how this relates to the exhaustion issue presently before the Court.

## DISCUSSION

A prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the

conditions of his confinement. 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit, and a prisoner may not attempt exhaustion of his administrative remedies during the course of a civil rights action. *McKinney v. Carey*, 311 F.3d 1198, 1199-2101 (9th Cir. 2002).

The failure to exhaust remedies is an affirmative defense that must be brought as an unenumerated 12(b) motion, *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).[1] Defendants bear the burden of proving (1) failure to exhaust, and (2) that further administrative remedies are available to the plaintiff. *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Administrative exhaustion requires an inmate to *complete* all avenues of administrative appeal open to him, regardless of whether the appeal he files is accepted or rejected by the prison. *Ngo v. Woodford*, 403 F.3d 620, 630 (9th Cir. 2005).[2] For example, in *Ngo*, the inmate filed an appeal, but it was deemed untimely and the merits of the appeal were not considered. *Id*. at 630. The court held that Ngo had exhausted his administrative remedies and could proceed to federal court because there were no avenues of administrative review open to him

---

[1]In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.

[2]The United States Supreme Court has granted a writ of certiorari in *Ngo*, at 74 U.S.L.W. 3301 (Nov. 14, 2005).

at the prison. *Id*. Thus, where an inmate's administrative appeal is denied on procedural grounds, the exhaustion requirement of § 1997e(a) is satisfied. *Id*.

Additionally, if the prison does not respond to a prisoner's grievance, the prisoner's remedies are considered exhausted. Section 1997e(a) requires prisoners to exhaust only those administrative remedies "available" to them. Thus, where a prisoner files an appropriate grievance, but prison officials fail to respond within the prison's self-imposed time limit, further administrative remedies are considered unavailable and, hence, exhausted. *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998). Where a prison grievance procedure asks only that an inmate describe the problem and request a remedy, administrative remedies are deemed exhausted as to the claims against all individuals named in the complaint. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005).

In *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), the Court consolidated two inmate cases and decided that an inmate need not exhaust further levels of review once he has either been (1) granted relief and "received all 'available' remedies at an intermediate level of review" or (2) been "reliably informed by an administrator that no remedies are available." *Id*. at 935.

If the court concludes that the prisoner has failed to exhaust administrative remedies and further remedies are available to him, the proper remedy is dismissal

without prejudice.[3] *Id*. If there are no further remedies available because his late-filed grievance was rejected as untimely, his remedies are deemed exhausted, and he may proceed with his suit. *Ngo v. Woodford*, 403 F.3d 620, 625 (9th Cir. 2005).

Based on the record before it, the Court has determined that Plaintiff failed to adequately exhaust the prison grievance system as to the claims in the Amended Complaint. Plaintiff's grievances, even liberally construed, do not put the Defendants on notice of the issues for which Plaintiff is seeking a resolution. The grievance process provides the opportunity for Defendants to resolve the issues before they become part of a civil rights claim, and, therefore, the concerns must at least generally describe the conditions about which Plaintiff complains.

Plaintiff was able to set forth specific claims in his Amended Complaint, and, therefore, he must address these specific issues through the prison grievance system. The Court is not aware of a requirement that the prison use a specialized grievance system for ADA claims, although the prison may appoint an ADA coordinator to handle these types of claims. *See Butler v. Adams*, 397 F.3d at 1182 (describing an ADA grievance process utilizing a "Reasonable Modification or

---

[3]The statue of limitations is tolled while an inmate completes a mandatory administrative exhaustion process. *Brown*, 422 F.3d at 942-43.

Accommodation Request" form).

The Court is mindful of Plaintiff's allegations regarding physical and mental disabilities, and, therefore, it will direct the Defendants to appoint someone to assist Plaintiff in preparing the appropriate grievance forms for both medical and non-medical issues. The same persons that are appointed to assist Plaintiff in pursuing the first level of the grievance procedure will also be directed to assist Plaintiff in pursuing an appeal, if the requested relief is not obtained. Copies of all concern, medical request, and grievance forms should then be provided to Plaintiff.

Although Defendants' Motions requesting dismissal do not specifically allege that further administrative remedies are still available to the Plaintiff, the Court assumes that the Motions to Dismiss are brought in good faith and that Defendants will allow Plaintiff to follow the prison grievance procedure. *See Brown v. Valoff*, 422 F.3d at 935 (exhaustion is only required when the administrative procedure provides the authority to actually grant some type of relief to the inmate) .

Plaintiff filed numerous motions in this action, relating to discovery, supplemental facts, and requests for immediate medical and psychiatric care. Due to the seriousness of Plaintiff's allegations on the alleged failure to provide

medical and psychiatric care, the Court is attempting to locate counsel to represent him. Therefore, immediately upon completion of the prison grievance process, Plaintiff is instructed to send a letter to the Pro Se Unit, U.S. District Court, 550 W. Fort Street, Boise, Idaho 83724. The Court will then appoint counsel to assist Plaintiff in re-filing his claims.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the IDOC Defendants' Motion to Dismiss Based Upon Failure to Exhaust Administrative Remedies (Docket No. 76) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the PHS Defendants' Motion to Dismiss (Docket No. 70) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the following motions are denied based on the dismissal of the Amended Complaint: Docket Nos. 20, 21, 22, 23, 24, 25, 26, 29, 34, 37, 42, 46, 48, 49, 55, 62, 63, 66, 68, 69, and 81.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Amended Complaint is hereby dismissed without prejudice for failure to complete the prison grievance system. Defendants shall comply with the directives set forth above relating to

Plaintiff's completion of the grievance process.




DATED: **February 6, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court